## Instruction in County Prisons.

O'HARA, Deputy Attorney General, April 7, 1931.—We have your request under date of March 5, 1931, for our opinion upon certain questions which we state and answer *seriatim*.

"1. The school board has been requested by the trustees of the Philadelphia County Prison to provide instruction at the prison for persons under the age of twenty-one. Has the school board the right, under the code, to send teach-

ers to the prison, (a) for the instruction of persons under the age of twenty-one, and (b) if subsequently requested so to do, for the education of persons over the age of twenty-one years?"

The public policy of this state, as evidenced by its Constitution, statutes and judicial decisions, clearly distinguishes between the purposes, objects and administration of its public schools and the regulation and discipline of the students therein, on the one hand, and the purposes, objects and administration of its penal institutions and the regulation and discipline of prisoners therein. The rehabilitation of those convicted of crime, to the end that they may return to the free society of their fellowmen fortified against temptation to further criminal acts, by discipline, education and vocational training, is commendable; is in harmony with penological philosophy, and is a partial insurance against future crime and its attendant social and economic burden.

Notwithstanding the desirability of the attainment of these objects, the public school system of the state cannot be used, in the absence of express statutory authority, as an aid in the administration of penal institutions or the rehabilitation of persons convicted of crime. Our attention has been called to section 906 of the School Code (Act of May 18, 1911, P. L. 309) as furnishing such statutory authority. In our opinion, it does not. The term "institution" as used in that section includes only schools having as their primary object the education of their inmates, i. e., deaf, blind, physically or mentally handicapped persons.

"2. The Board of Public Education of the City of Philadelphia, in connection with its buildings both old and new, is met from time to time with the question of the purchase of works of art, in the form of mural decorations and modeling and carving. (a) Is the board required, in the purchase of murals in the buildings owned and erected by it, to advertise for bids and let the contract to the lowest responsible bidder, or may the board select the artist to execute the works of art and enter into contracts with the artist without advertising. (b) Is the same rule to be applied in connection with the sculptor whose work is to be installed or incorporated in the buildings?"

It has been held that contracts which call for the exercise of technical training and professional skill are excepted from statutory provisions requiring advertisement and competitive bids: Stratton v. Allegheny County, 245 Pa. 519.

Works of art are the products of technical training and professional skill, but may be divided into two classes:

1. The first class comprises those works which are designed solely for ornamental purposes, including paintings in oil and water upon canvas, plaster or other material and original statuary of marble, stone or bronze. Here, the handiwork of an artist embodies something more than the mere labor of an artisan.

2. The second class includes those works which are commercial reproductions of originals, and not the result of the creative genius or handiwork of the artist.

The first class has been held to be within the exception to the statutory requirements for advertisement and competitive bids, but the second class is clearly within the statutory requirement for competitive bids.

From C. P. Addams, Harrisburg, Pa.